Arthur **CALDERON**, Warden, and James **Gomez**, Director of the California Department of Corrections, Petitioners,

v.

**U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO), Respondent,**

**Blufford Hayes, Jr., Real Party in Interest.**

No. 96–70729.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1996.*

Decided Dec. 20, 1996.

tation. Accordingly, we remand to the district court for the sole purpose of vacating the 60–month sentence.

* The panel unanimously finds this case suitable for submission on' the record and briefs and without oral argument. Fed.R.App.P.34(a), Ninth Circuit · R. 34–4.

William G. Prahl, Deputy Attorney General, Sacramento, CA, for petitioners.

No appearance for Real Party in Interest.

Before: FLETCHER, NOONAN and HAWKINS, Circuit Judges.

## PER CURIAM:

Arthur Calderon, Warden of the California State Prison at San Quentin, and James Gomez, Director of the California Department of Corrections, (Petitioners) seek a writ of mandamus directing the United States District Court for the Eastern District of California to grant Petitioners' motion for summary dismissal of 32 claims in an action of habeas corpus brought against Petitioners by Blufford Hayes, Jr. (Hayes), a prisoner at San Quentin prison. In its April 10, 1996 order, the district court denied the Petitioners' motion for summary dismissal of Hayes' claims, holding that although the California Supreme Court held these claims to be procedurally barred, the grounds upon which that court reached its decision were not independent and adequate as applied to state habeas petitions filed before 1993 and federal habeas petitions relating to the same conviction filed after 1993 and therefore did not foreclose federal court consideration of the claims at issue.

Petitioners urge us to direct the district court to vacate its judgment through the issuance of a writ of mandamus, a drastic remedy to be used only in extraordinary cases. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976). The Ninth Circuit has enunciated five factors to consider in determining whether to grant a writ: 1) the petitioner has no other adequate appellate remedy; 2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; 3) the district court's order is clearly erroneous as a matter of law; 4) the district court's order is an oft-repeated error; 5) the district court's order raises new and important problems, or issues of law of first impression. *Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir. 1977). Petitioners contend that this case meets all five of the factors. We respectfully disagree.

## FACTS

Hayes was convicted of one count of first degree murder with special circumstances of burglary and robbery and was sentenced to death. The special circumstance of robbery was reversed, but the remainder of the conviction and the death sentence were affirmed. *People v. Hayes,* 52 Cal.3d 577, 276 Cal.Rptr. 874, 802 P.2d 376 (1990).

Hayes filed for a writ of habeas corpus in the California Supreme Court on October 29, 1987; his petition was denied on its merits on May 18, 1989. Hayes filed a petition for a writ of habeas corpus on June 22, 1993 in the United States District Court for the Eastern District of California. That proceeding was later stayed pending exhaustion of certain of Hayes' claims in state court. On April 22, 1994, Hayes filed a second state habeas petition. On June 21, 1995, the California Supreme Court denied all claims on procedural grounds as untimely, improperly not raised on direct appeal, or previously raised.

Hayes filed an amended petition for a writ of habeas corpus on June 14, 1995 in the

United States District Court for the Eastern District of California. On July 18, 1995, Petitioners filed a motion to dismiss 32 of Hayes' claims for relief on the ground that these claims were procedurally barred based on the California Supreme Court's June 21, 1995, ruling. The magistrate judge recommended that Petitioners' motion be denied. The district court adopted the magistrate judge's findings and recommendation and denied Petitioners' motion.

Specifically, the district court determined that in rejecting the majority of Hayes' claims as untimely, the California Supreme Court relied upon *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). *Clark* held that a petitioner must explain and justify any substantial delay in presenting a claim for habeas relief. The court construed and relied on both existing California practice and "Supreme Court Policies Regarding Cases Arising from Judgment of Death" (Policies), a detailed set of guidelines pertaining to timeliness requirements applicable to state habeas petitioners in capital cases, published in June, 1989. Hayes' first state habeas petition was decided on May 18, 1989, long before *Clark* was decided and before the Policies were issued. The district court held that before *Clark* the untimeliness bar was not consistently applied, so that it could not be applied to Hayes' case as an adequate and independent state ground for decision. A state procedural bar must be "firmly established and regularly followed by the time as to which it is to be applied." *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850, 857–58, 112 L.Ed.2d 935 (1991) (internal quotations omitted).

The California Supreme Court denied others of Hayes' claims on the grounds that he unjustifiably failed to raise them on direct appeal, citing *Ex parte Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953), which established the rule, and *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993), which reaffirmed its continued vitality and narrowed the available exceptions to the rule. The district court held that the *Dixon* bar did not constitute an independent and adequate state procedural bar because it was not consistently applied before *Harris*, which

was decided after all proceedings in Hayes' direct appeal had ended.

## ANALYSIS

In deciding whether to grant the rare writ of mandamus we have consistently applied the criteria established by *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir.1977). We have also recognized the possibility of taking into account "other compelling factors relating to the efficient and orderly administration of the district courts." *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1301 (9th Cir.1982), *aff'd sub nom. Arizona v. U.S. Dist. Ct.*, 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). The burden is on a petitioner seeking a writ to show that his "right to the writ is clear and indisputable." *Executive Software North Am. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1551 (9th Cir.1994) (internal quotations omitted).

We focus here on the third *Bauman* factor, whether the district court's order is clearly erroneous as a matter of law. *See Executive Software*, 24 F.3d at 1551 ("it is clear that the third factor, the existence of clear error as a matter of law, is dispositive"); *Survival Sys. v. U.S. Dist. Ct.*, 825 F.2d 1416, 1418 (9th Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988) ("When the district court's order is correct as a matter of law, it is obvious that the writ of mandamus should not be issued.").

■ In *Calderon v. U.S. Dist. Ct.*, 96 F.3d 1126 (9th Cir.1996), we pointed out that the California Supreme Court acknowledged in *Clark* that "no clear guidelines [regarding departure from the habeas corpus rules] have emerged in our past cases." *Id.* at 1130. Although the State argued in *Calderon*, as it argues here, that California courts regularly and consistently applied the timeliness procedural bar even before *Clark*, this argument was rejected. *Id.* (citing *Morales v. Calderon*, 85 F.3d 1387 (9th Cir.)) (finding no discernible pre-*Clark* timeliness requirements), *cert. denied*, —— U.S. ——, 117 S.Ct. 500, 136 L.Ed.2d 391 (1996). Because pre-*Clark* requirements were not "clear, consistently applied, and well-established," the court found that they could not serve as an

adequate and independent state ground sufficient to support a procedural default. *Id.*

Petitioners argue alternatively that even if the timeliness bar has been applied consistently only since *Clark,* we should apply the bar to Hayes' second state petition, filed after *Clark.* They rely on *Deere v. Calderon,* 890 F.Supp. 893 (C.D.Cal.1995), which applied the timeliness bar to a second state habeas petition filed after *Clark* where the first state petition was filed before *Clark.* The district court rejected the argument and criticized *Deere* as contrary to Supreme Court and Ninth Circuit authority, holding that in order for a litigant to have a fair opportunity to comply with known procedural rules, the controlling state procedural bar is the one in place at the time the claim should have been raised. Only if the bar is "firmly established and regularly followed" at that time will it serve as an adequate ground to foreclose federal review; otherwise, it will not. *Ford v. Georgia,* 498 U.S. 411, 424, 111 S.Ct. 850, 857–58, 112 L.Ed.2d 935 (1991). *See also English v. United States,* 42 F.3d 473, 478 (9th Cir.1994); *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994).

The district court found the critical time to judge Hayes' default to be 1987, when he filed his first state habeas petition and failed to raise all of his claims. The state argues that he defaulted on his claims in 1994, when he filed his second state petition. Both Supreme Court and Ninth Circuit precedent support the district court's position; we conclude it was not clearly erroneous.

■ The California Supreme Court denied other claims in Hayes' second state habeas petition on the ground that he unjustifiably failed to raise those issues on direct appeal. In doing so, that court cited *Ex parte Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953), which established the rule, and *In re Harris,* 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993), which reaffirmed the rule's continued vitality and narrowed the available exceptions to the rule.

The district court held that the *Dixon* bar did not constitute an independent and adequate state procedural bar because it was not consistently applied before *Harris.* Whether the *Dixon* rule was sufficiently clear and consistently applied before *Harris* is open to some question. *Calderon v. U.S. Dist. Ct.,* 96 F.3d at 1131. *Compare Odle v. Calderon,* 884 F.Supp. 1404, 1413 (N.D.Cal.1995) ("the *Dixon* procedural rule has not been uniformly and regularly applied by the California Supreme Court"), *and Karis v. Vasquez,* 828 F.Supp. 1449, 1467 (E.D.Cal.1993) (holding that adherence to the *Dixon* rule was purely discretionary before *Harris* ), *with Harris,* 21 Cal.Rptr.2d 373, 855 P.2d at 396 (The *Dixon* "rule is now firmly established and often repeated without much explication."), *and Deere,* 890 F.Supp. at 901. Given the lack of consensus on the adequacy of the *Dixon* bar in foreclosing federal review of state court decisions, we cannot say the district court clearly erred in determining that it was not consistently applied before *Harris.*

Petitioners argue that, even if *Dixon* was not consistently applied before *Harris,* it is fair to apply the *Dixon* bar to Hayes because *Harris* put Hayes on notice that he must justify any failure to raise claims on appeal or lose the ability to raise them on habeas review. We find no merit in the argument. Hayes' direct appeal ended before *Harris* was decided. Hayes had no notice that the *Dixon* bar would be consistently enforced when he had an opportunity to raise the claims on direct appeal, the time at which the alleged default occurred. The district court's conclusion that the *Dixon* bar did not constitute an independent and adequate state bar to Hayes' federal habeas petition was not clearly erroneous.

Accordingly, the petition is **DENIED.**