**Carl Eugene WALSH, Jr.,**
**Petitioner–Appellant,**

v.

**James GOMEZ, Respondent–Appellee.**

No. 99–15737.
D.C. No. CV–97–05566–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

California state prisoner Carl Eugene Walsh, Jr., appeals pro se the denial of his post-AEDPA petition under 28 U.S.C. § 2254, challenging his jury trial conviction for committing lewd and lascivious acts on a child under the age of 14. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm in part, reverse in part, and remand.

Walsh first contends that the district court improperly dismissed four of his claims[1] as procedurally barred. We review de novo, *Fields v. Calderon*, 125 F.3d 757, 759–60 (9th Cir.1997), and conclude that this contention has merit. The California Supreme Court denied Walsh's state habeas petition by citing cases which articulate procedural requirements for state

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The four claims at issue are (1) the bolstering of a witness, (2) the failure to give a lesser included offense jury instruction, (3) the failure to give a jury instruction on evidence of uncharged offenses, and (4) ineffective assistance of counsel based on the denial of Walsh's right to testify. Walsh, however, has now conceded the merits of the lesser included offense issue.

petitions.[2] We have previously ruled that at least two of these cases are not independent and adequate state grounds. *See Park v. California*, 202 F.3d 1146, 1151–53 (9th Cir.) (addressing *Dixon* ), *cert. denied*, 531 U.S. 918, 121 S.Ct. 277, 148 L.Ed.2d 202 (2000); *Calderon v. United States Dist. Court (Bean* ), 96 F.3d 1126, 1131 (9th Cir.1996) (addressing *Waltreus* ). Because we cannot determine which rule the California Supreme Court applied to each of Walsh's claims, we cannot say that his petition was denied based on independent and adequate state grounds. *Bean*, 96 F.3d at 1131. We therefore reverse the procedural default ruling and remand for further proceedings on these claims. *See Washington v. Cambra*, 208 F.3d 832, 834 (9th Cir.), *cert. denied*, 531 U.S. 919, 121 S.Ct. 282, 148 L.Ed.2d 203 (2000). We express no opinion on their merits.

■ Turning to the issues rejected by the district court on the merits, we review de novo, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.), *cert. denied*, 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000), and we affirm.

■ Walsh's first contention on the merits is that the evidence was insufficient to support his convictions. We review the record to determine whether, viewing all of the evidence in the light most favorable to the state, any rational fact-finder could have found the essential elements of the offenses of conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We readily conclude that the testimony of the victims and corroborating witnesses was substantial evidence in support of conviction. *See id.* at 324, 99 S.Ct. 2781. The California courts' assessment of the evi-

dence was not contrary to or an unreasonable application of Supreme Court law. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.2000). ·

■ Walsh's second contention on the merits is that he was denied fair notice of the charges against him and was thereby prevented from preparing a defense. The argument lacks merit. Walsh's information conformed to state notice requirements, *see* Cal.Penal Code §§ 950, 952, and the specific date of these offenses is not an element. *See* Cal.Penal Code § 288. Walsh could have sought a more definite statement of the charges, but by failing to demur, he waived any objection to the information. *People v. Holt*, 15 Cal.4th 619, 671–73, 63 Cal.Rptr.2d 782, 937 P.2d 213, *as modified by* 15 Cal.4th 1385A (1997); *see also* Cal.Penal Code §§ 1004(3), 1012. Moreover, Walsh received additional notice from the preliminary hearing and from the trial itself, which enabled him to mount a well-informed defense. *Cf. Sheppard v. Rees*, 909 F.2d 1234, 1236 n. 2 (9th Cir.1989) (recognizing that notice is not limited to the charging document). Finally, Walsh's hypothesized inability to defend against individual instances of molestation is irrelevant to the innocence defense he presented. The jury apparently disbelieved his argument that the children were testifying against him only because they were angry that he had not protected them from their actual molester. We conclude that the California courts did not unreasonably apply Supreme Court caselaw as to adequate notice. *See Schad v. Arizona*, 501 U.S.

---

**2.** The cases cited in the summary denial were *In re Dixon*, 41 Cal.2d 756, 759, 264 P.2d 513 (1953); *In re Lindley*, 29 Cal.2d 709, 723, 177 P.2d 918 (1947); *In re Waltreus*, 62 Cal.2d

218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965); and *In re Swain*, 34 Cal.2d 300, 304, 209 P.2d 793 (1949).

624, 631–32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1981) (plurality opinion) (holding that jury need not agree on which method the defendant used to commit the crime, where various means were possible); *see also Williams,* 529 U.S. at 405, 120 S.Ct. 1495; *Van Tran,* 212 F.3d at 1153–54.

■ Walsh's third contention on the merits is that the state court's failure to give a unanimity instruction sua sponte deprived him of due process. We apply the analysis of *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and conclude that any error was harmless. Walsh made no effort to distinguish between the incidents described by the primary victim. The lack of a jury instruction on unanimity therefore could not have had a substantial and injurious effect on Walsh's verdict. *See id.* The state courts did not clearly err in resolving Walsh's notice and unanimity claims. *See Van Tran,* 212 F.3d at 1153–54.

■ Finally, Walsh contends that his counsel was ineffective for failing to request a unanimity instruction. Given our conclusion that the absence of such an instruction did not affect the verdict, *see id.,* there is no reasonable probability that the result of Walsh's trial would have been different had counsel requested such an instruction. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Kyles v. Whitley,* 514 U.S. 419, 436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (stating that *Strickland* standard is higher than *Brecht* ). Because Walsh fails to meet the prejudice prong of *Strickland,* we need not reach the question of deficient performance. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.