MEMORANDUM **
Ronald Games, a state prisoner, petitions for review of the district court’s denial of his Petition for a Writ of Habeas Corpus. Games was convicted in the California Superior Court of one count of attempted murder, Cal-Penal Code §§ 664, 187; one count of simple assault, id. § 240; one count of assault with a deadly weapon, id. § 245(b); and one count of discharge of a firearm with gross negligence, id. § 246.3. The jury also found true several enhancements for use of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.
Because Garnes’s claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Garnes’s claims “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d); see Avila v. Galaza, 297 F.3d 911, 917-18 (9th Cir.2002). We review de novo the district court’s denial of the petition. See Arredondo v. Ortiz, 365 F.3d 778, 781 (9th Cir.2004).
None of Garnes’s claims warrants habeas relief under AEDPA. First, Games failed to meet the “heavy burden” of showing that there was insufficient evidence presented to the jury to support his attempted murder conviction.[1] Juan H. v. *376 Allen, 408 F.3d 1262, 1274 (9th Cir.2005). A rational trier of fact could have found beyond a reasonable doubt that Games had the specific intent to kill the alleged victim, Ronald Burks. See Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Leading up to the shooting incident, Games and Burks were involved in several physical altercations. Games told his sister to “[g]o get [his] gun.” Burks testified that Games pointed a gun at him and said, “[y]eah, you,” and that Games shot at him from a distance of approximately twenty-two feet. Several prosecution witnesses testified that they saw Games shoot at Burks. Their testimony was corroborated by substantial physical evidence. We must presume that the trier of fact resolved conflicting inferences in favor of the prosecution. Id. at 326, 99 S.Ct. 2781. In light of the evidence presented, we conclude that the California Court of Appeal’s decision was not an “objectively unreasonable” application of Jackson to the facts of this case.[2] Juan H., 408 F.3d at 1275 n. 13.
Second, the trial court did not violate Garnes’s constitutional rights to confront the witnesses against him or to present a complete defense by excluding relevant evidence of criminal charges pending against Burks. We agree with the district court that two of Garnes’s arguments as to why the evidence should have been admitted were proeedurally barred, which precludes our review. See Calderon v. U.S. Dist. Court (Bean), 96 F.3d 1126, 1129 (9th Cir.1996). Even if these arguments were not proeedurally barred, we would conclude that the Court of Appeal’s decision upholding the trial court’s exclusion of the evidence in question was not contrary to or an unreasonable application of Delaware v. Van Arsdall, 475 U.S. 673, 678-84, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), or any other Supreme Court precedent. See California v. Trombetta, 467 U.S. 479, 485-91, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); Chambers v. Mississippi, 410 U.S. 284, 294-98, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The trial court allowed other impeachment evidence to be admitted against Burks. Further, the court based its ruling on the substantiated concern that Burks would invoke the Fifth Amendment, as well as the stated desires of both the prosecution and defense counsel that Burks testify in person.
Nor was the Court of Appeal’s rejection of Games’s third claim contrary to or an unreasonable application of Supreme Court precedent. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Games argues that the trial court violated his rights to due process by admitting evidence that Games previously had sold drugs. However, the admission of this prior bad acts evidence was not “clearly prejudicial,” nor did it render Garnes’s trial “fundamentally unfair.” Drayden v. White, 232 F.3d 704, 710 (9th Cir.2000) (internal quotation marks omitted). The jury permissibly could have inferred from this evidence that Games intended to kill Burks to eliminate him as competition for selling drugs or to retaliate for selling on his “turf.” Moreover, Games admitted on direct examination that he previously sold drugs.
We also conclude that the Court of Appeal was not objectively unreasonable in *377 rejecting Garnes’s claim of ineffective assistance of counsel based on his failure to object to the admission of the prior drug sales against Games. We need not address whether Garnes’s counsel provided ineffective assistance because Games failed to demonstrate prejudice. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”); see also Woodford v. Visciotti, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).
Games also raises two claims of instructional error. The Court of Appeal summarily rejected Garnes’s first claim that the trial court erred in giving the willfully false witness instruction pursuant to California Jury Instruction, Criminal (“CALJIC”) No. 2.21.2. The California Supreme Court previously has rejected an identical challenge to this instruction, People v. Riel, 22 Cal.4th 1153, 96 Cal.Rptr.2d 1, 998 P.2d 969, 1002 (2000), and we have followed its approach, see, e.g., Turner v. Calderon, 281 F.3d 851, 865-66 (9th Cir. 2002) (declining to issue a certificate of appealability on the habeas petitioner’s claim that CALJIC No. 2.21.2 violated due process). Because the instruction did not “by itself so infectf ] the entire trial that the resulting conviction violate[d] due process,” Estelle, 502 U.S. at 72, 112 S.Ct. 475 (internal quotation marks omitted), the Court of Appeal did not act unreasonably in rejecting Games’s claim.
We accept on habeas review the Court of Appeal’s conclusion that the trial court erred as a matter of state law in instructing the jury pursuant to CALJIC No. 1.22 (defining malice), in addition to defining the jury pursuant to CALJIC No. 8.66 (defining elements of attempted murder). See Estelle, 502 U.S. at 67-68, 112 S.Ct. 475 (“[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.”). To determine whether this error entitles Games to habeas relief, we therefore consider only whether it had “a substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710,123 L.Ed.2d 353 (1993) (internal quotation marks omitted). We conclude that it did not. The jury was repeatedly instructed on the correct definition of malice, and there is no evidence that the jury believed the more general definition of malice applied to its decision as to whether Games was guilty of attempted murder. The Court of Appeal’s conclusion that this error was harmless was not contrary to or an unreasonable application of any Supreme Court precedent.
Finally, we reject Garnes’s claim that the cumulative effect of trial court errors rendered the trial fundamentally unfair. The Court of Appeal found only one error, which it reasonably concluded was harmless. Because there is no accumulation of errors here, the Court of Appeal’s failure to explicitly address Garnes’s cumulative error claim was not contrary to or an unreasonable application of any Supreme Court precedent, nor was its decision an unreasonable determination of the facts in light of substantial evidence presented by the government. Cf. United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996) (“In those cases where the government’s case is weak, a defendant is more likely to be prejudiced by the effect of cumulative errors.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Games has not rebutted the factual findings of the Court of Appeal by clear and convincing evidence, so those findings must be presumed correct. 28 U.S.C. § 2254(e)(1); see Slovik v. Yates, 545 F.3d 1181, 1183 n. 1 (9th Cir.2008).

. Although the Court of Appeal did not cite Jackson, it did cite several California cases that in turn cite Jackson. In any event, the state court need not cite the relevant Supreme Court cases, or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them.” Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).