NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL THOMAS BALINT, | No. 17-55576 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-06307-BRO-PLA |
| v. | |
| KELLY SANTORO, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

Michael Balint appeals the district court's denial of his federal habeas

petition. The district court issued a certificate of appealability on two issues: (1)

whether Balint was denied counsel and presence at a critical stage of the trial

(Ground One) and (2) whether the trial court erred in responding to a question

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

from the jury (Ground Two). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. We review de novo the district court's denial of a petition for habeas relief. *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). Findings of fact are reviewed for clear error. *Id.* As the state court did not decide Ground One on the merits, section 2245(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply. *See Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).

In Ground One, Balint argues he was denied his right to be present and the right to counsel at a critical stage of the trial when the trial court responded to the jury's question. The district court concluded this claim was procedurally defaulted under California's *Dixon* procedural bar.[1]

Balint argues that *Dixon's* procedural bar is inapposite because he could not have raised this claim on direct appeal. The parties agree, however, that the trial record does not reflect that there were discussions between the trial judge and defense counsel regarding the jury's question. Thus, Balint could have raised this claim on direct appeal.

---

[1] *Dixon* holds that in the absence of special circumstances, habeas relief is barred "where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *Ex parte Dixon,* 264 P.2d 513, 514 (Cal. 1953).

Balint also argues that this claim is not procedurally defaulted because the California Supreme Court's order cites mutually inconsistent procedural bars. Not so. The California Supreme Court's order denying relief "clearly and expressly state[d] that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Although the California Supreme Court cited both the *Dixon* and *Clark* procedural bars, these rules are not inconsistent.[2] The district court correctly interpreted the order as signifying that Balint "could have raised the claim on direct appeal (*Dixon*), and in any event he also improperly raised the claim in a successive habeas application (*Clark*)." Moreover, as Balint did not raise multiple claims in his June 2013 California Supreme Court petition, there is no confusion as to which claim the bars apply. *Cf. Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1131 (9th Cir. 1996) (concluding that the California Supreme Court's order was ambiguous because it did not "specify which of [petitioner's] thirty nine-claims the court rejected under [one cited state doctrine], and which it rejected under [another cited state doctrine]").

Balint argues that even if this claim is defaulted, he has demonstrated cause and prejudice to excuse any procedural default because his appellate counsel was

---

[2] *Clark* holds that "the court will not consider repeated applications for habeas corpus presenting claims previously rejected" and that the "court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *In re Clark*, 855 P.2d 729, 740 (Cal. 1993).

3

ineffective for failing to raise Ground One on direct appeal and that he was prejudiced by his counsel's deficient performance. Ineffective assistance of appellate counsel is evaluated under the *Strickland* standard. *See Smith v. Murray*, 477 U.S. 527, 535–36 (1986). Under *Strickland*, a defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Even assuming Balint's ineffective assistance of appellate counsel claim is exhausted, Balint cannot show prejudice. The California Court of Appeal concluded that even if Balint had objected to the trial court's response to the jury's question, the response was "a correct statement of law that could not have misled the jury and is not grounds for reversal." We see no error in this conclusion. Because Balint cannot show prejudice, he cannot overcome California's *Dixon* rule.

Finally, Balint argues that even if the procedural default is not excused by cause and prejudice, failure to consider Ground One on the merits would result in a fundamental miscarriage of justice. To obtain review, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light

4

of [] new evidence." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (internal quotation marks and citation omitted). "This exacting standard permits review only in the extraordinary case, but it does not require absolute certainty about the petitioner's guilt or innocence." *Id.* (internal quotation marks and citation omitted).

Balint argues that he has provided new evidence of constitutional error through his declaration that he was not present when the trial judge formulated an answer to the jury's question. Nonetheless, he fails to demonstrate how, in light of the declaration, it is more likely than not that no reasonable juror would have convicted him.

Therefore, we affirm the district court's judgment that Ground One is procedurally barred under California's *Dixon* rule.

2. Because Balint filed his petition after April 24, 1996, his claim in Ground Two is governed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA "bars relitigation of any claim adjudicated on the merits in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (internal quotation marks omitted). These exceptions require a petitioner to show that the prior litigation either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "(2)

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at 97–98 (citing 28 U.S.C. § 2254(d)).

In Ground Two, Balint argues that the trial court erred in responding to the jury's question without clearing up the instructional confusion expressed by the jury. He contends that the California Court of Appeal's decision was an unreasonable application of *Bollenbach v. United States*, 326 U.S. 607, 608 (1946).[3] The California Court of Appeal's decision on this issue was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court in *Bollenbach*.

He also argues that the California Court of Appeal's determination was an unreasonable determination of the facts. The California Court of Appeal did not make a factual determination, but rather reached a legal conclusion that there was no reasonable likelihood that the jury conflated the two separate instructions into one.

**AFFIRMED.**

---

[3] *Bollenbach* states that "[w]hen a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." *Bollenbach*, 326 U.S. at 612–13.