**Andre ARTHUR, Petitioner—Appellant,**

v.

**Robert L. AYERS, Respondent—Appellee.**

**No. 00–16776.**
**D.C. No. CV–00–02176–CW.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Andre Arthur, a California state prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2254 petition challenging a prison disciplinary ruling, finding that he possessed inmate-manufactured alcohol, which resulted in the loss of 91 days of good time credit. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a habeas corpus peti-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion, *see Morales v. Calderon,* 85 F.3d 1387, 1389 n. 6 (9th Cir.1996), and we affirm.

Arthur contends that his due process rights were violated because his conviction was supported by insufficient evidence. We conclude that due process requirements were met because "some evidence" does support the prison's disciplinary ruling. *Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Arthur's second contention is that the prison did not comply with its own regulations which require field and laboratory testing of the manufactured alcohol. Because due process does not require a prison to comply with its own, more generous procedures, this contention fails. *See Walker v. Sumner,* 14 F.3d 1415, 1420 (9th Cir.1994), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Finally, Arthur contends that he was deprived of his right to present a defense because, without laboratory tests on the found substance, he was unable to present documentary evidence as part of his defense. Such discovery is not required to comport with *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (enumerating due process requirements for deprivation of an inmate's protected liberty interest); *see also Walker,* 14 F.3d at 1420.

**AFFIRMED.**