**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES EDWARD KING,
　　　　　*Petitioner-Appellant,*

　　　　　v.

A. LAMARQUE, Warden,
　　　　　*Respondent-Appellee.*

No. 05-15757

D.C. No.
CV-00-01988-SI

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Argued and Submitted
March 14, 2006—San Francisco, California

Opinion filed July 26, 2006
Opinion Withdrawn September 20, 2006
Filed September 20, 2006

Before: Alfred T. Goodwin, Stephen Reinhardt, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

## COUNSEL

Matthew Dale Alger, Clovis, California, for the petitioner-appellant.

Lisa Ashley Ott, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

## ORDER

James Edward King's petition for rehearing and A. LaMarque's petition for rehearing are granted in part, without further oral argument. The Opinion and separate concurring Opinion, filed on July 26, 2006 and reported at 455 F.3d 1040 (9th Cir. 2006), are withdrawn and superceded by the Opinion filed concurrently with this Order. The previous Opinion may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

The parties' petitions for rehearing en banc are denied as moot. Subsequent petitions for panel rehearing and/or petitions for rehearing en banc may be filed with respect to the new Opinion in accordance with the requirements of Fed. R. App. P. 40 and 35.

## OPINION

HAWKINS, Circuit Judge:

James Edward King ("King") appeals the denial of his habeas corpus petition, raising four issues, only one of which was listed within the Certificate of Appealability ("COA") at the time of argument. Three of the issues pertain to the California Supreme Court's dismissal of an ineffective assistance claim because it determined that King's habeas petition was filed after substantial delay. King asserts that the rule is inadequate and that his case fits the exceptions that allow federal courts to review claims that are otherwise procedurally barred. His fourth claim asserts the district court erred in finding that he was not prejudiced by his trial counsel's failure to review a videotape of the victim and failure to object to a reference to his parole officer within that tape.[1]

## FACTS AND PROCEDURAL HISTORY

A jury convicted King of violating California Penal Code §§ 288 and 269 by committing a lewd act and three aggravated assaults—rape, oral copulation, and digital penetration—on a child. King pursued direct appeal and state habeas corpus petitions, both of which were unsuccessful.

King's first federal habeas petition contained exhausted and unexhausted claims. After King's attorney failed to respond to the government's motion to dismiss, the district court dismissed the petition. King submitted a pro se motion under Rule 60(b) of Civil Procedure, and the district court set aside

---

[1]Applying the relevant standards we grant King's motion to expand the COA with regard to his claim addressing the adequacy of California's "substantial delay" rule, but deny his motion with regard to his other uncertified issues. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000).

the judgment of dismissal, finding that King's counsel had been grossly negligent. The district court stayed its proceedings while King pursued his unexhausted claims in state court. The California Supreme Court summarily denied King's subsequent habeas petition, citing two cases barring review of habeas petitions filed after substantial delay: *In re Clark*, 855 P.2d 729 (Cal. 1993) [hereinafter *Clark*], and *In re Robbins*, 959 P.2d 311 (Cal. 1998). King then filed, and the district court denied, an amended habeas petition.

## STANDARD OF REVIEW

We review a district court's decision to grant or deny a habeas corpus petition de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

## DISCUSSION

## I

[1] Federal courts will not generally review a question of federal law decided by a state court if its decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). King claims that California's rule barring review of habeas claims filed after "substantial delay" is inadequate and, therefore, does not bar federal review of his claim. To be adequate, the state's legal grounds for its decision must be firmly established and consistently applied. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003).

To be firmly established or consistently applied, a rule must be clear and certain. *See Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir. 2002) (citing *Morales v. Calderon*, 85 F.3d 1387, 1390-92 (9th Cir. 1996)); *see also Wells v. Maass*, 28 F.3d 1005, 1010 (1994) ("a state rule must be clear, consistently applied, and well-established"). Novel procedural rules

do not bar federal review because petitioners are not put on sufficient notice that they must comply. *See Ford v. Georgia*, 498 U.S. 411, 423-25 (1991); *NAACP v. Alabama*, 357 U.S. 449, 354-358 (1958). Just so, state procedural rules with overly vague standards do not provide petitioners with sufficient notice of how they may avoid violating the rule. Furthermore, poorly defined procedural rules do not provide courts the guidance required for consistent application.

**[2]** California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. *Clark*, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. The rule's ambiguity is not clarified by the California Supreme Court's application of the timeliness bar, in part because the court usually rejects cases without explanation, only citing *Clark* and *Robbins*, as it did here. *See Morales*, 85 F.3d at 1392.

**[3]** California's timeliness rule applies to both capital and noncapital cases. In capital cases, California's Supreme Court Policies Regarding Cases Arising from Judgments of Death ("Policies") create a presumption of timeliness if a petition "is filed within 90 days of the final due date for the filing of an appellant's reply brief." *Clark*, 855 P.2d at 751. The Policies also create more explicit standards for deciding whether there has been substantial delay when the petitioner has filed after the ninety-day presumption period. *Id.* at 751-53. *Clark* clarified the application of these Policies within capital cases and provided four specific exceptions for granting review even when a petition's "substantial delay" is unjustified. *Id.* at 758-59. But *Clark* did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the *Clark* exceptions, specifying when

review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

**[4]** In *Morales*, we indicated that California's timeliness rule was too uncertain, pre-*Clark*, to be a procedural bar for capital cases. 85 F.3d at 1391; *see also Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1131 (9th Cir. 1996). The holding in *Morales* intertwined "inconsistent application" analysis with "well established" analysis: "We find so much variation in [the] application of California's timeliness requirements before *Clark* that we conclude that no discernible clear rule then existed for petitions filed more than 90 days after the due date of the reply brief on direct appeal." *Id.* Just as inconsistent application leads to ambiguous standards, overly ambiguous standards almost inevitably lead to inconsistent application. *See Bennett*, 322 F.3d at 573, 583 (citing *Morales*, 85 F.3d at 1392).

**[5]** *Bennett* specifies the burden-shifting process involved in determining whether a procedural rule is adequate. 322 F.3d at 586. Once the government has pleaded "the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Id.* The petitioner "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* The burden then shifts back to the government, and it bears "the ultimate burden of proving the adequacy" of the relied-upon ground. *Id.* at 585-86.

The government explicitly pleaded "the existence of an independent and adequate state procedural ground," the California rule against petitions filed after substantial delay, as an affirmative defense in district court. The burden, therefore, shifted to King. *Bennett*, 322 F.3d at 586.

In response, King asserts that the California Supreme Court's dismissal of his case demonstrates that it inconsis-

tently applies the timeliness rule because he properly justified his delay. As the district court noted, this is not proof of inconsistent application, but simply rehashes the merits of his arguments before the California Supreme Court.

King fails to explicitly raise the issue of whether the timeliness rule is too uncertain to be well established. The question then arises: Is simply contesting the adequacy of a state rule sufficient to meet the petitioner's burden under *Bennett* if we have previously found the rule to be too ambiguous to bar federal review during the applicable time period? We hold it is.

**[6]** *Bennett* requires the petitioner to "place [the procedural default] defense in issue" to shift the burden back to the government. 322 F.3d at 586. In most circumstances, the best method for petitioners to place the defense in issue is to assert "specific factual allegations that demonstrate the inadequacy of the state procedure" by citing relevant cases. *Id.* But where we have already made a determination regarding the adequacy of the state procedural rule, the petitioner's method of placing the defense in issue must be modified.²

**[7]** In *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998), we held that a petitioner had not met his burden because we had already held the state procedural rule to be consistently applied and the petitioner failed to cite cases demonstrating subsequent inconsistent application. *Id.* at 932. This holding helps prevent inconsistent determinations regarding a state procedural rule's adequacy during a given time period. This same reasoning provides a firm foundation for applying the

---

²*Bennett* did not foreclose alternative methods of "plac[ing] [the] defense in issue," stating only that the petitioner "*may* satisfy this burden by asserting specific factual allegations . . . ." *Id.* (emphasis added). *Bennett*, of course, did not resolve all of the potential issues involved with applying the "new standard" because it specified the burden-shifting process but did not apply it. *Id.*

*Ortiz* requirement bilaterally. Once we have found a state procedural rule to be inadequate, petitioners may fulfill their burden under *Bennett* by simply challenging the adequacy of the procedure; the burden then shifts back to the government to demonstrate that the law has subsequently become adequate. Here, because we held in *Morales* that the California timeliness rule was insufficiently clear, the government must show on remand that the rule has since been clarified for noncapital cases and that the clarified rule has since been consistently applied.

This holding is necessary to maintain the primary principle we announced in *Bennett*: the government bears the ultimate burden of establishing the adequacy of a rule. This burden should exist whether or not the petitioner identifies the correct basis upon which to challenge the adequacy of the rule. If we held otherwise, the government could avoid its burden under *Bennett*, and illogical results would occur. Here, for example, we would bar King's claim based on a procedural rule already found to be inadequate. In essence, we would be holding that the same rule is adequate in some cases and inadequate in others. This defies common sense. A procedural rule is either adequate or inadequate during a given time period; its adequacy does not depend upon the facts of a petitioner's case.

**[8]** By challenging the adequacy of a state procedural rule we have found to be insufficiently clear in *Morales*, King has met his *Bennett* burden. On remand, the government must demonstrate that California's "substantial delay" rule has become sufficiently clear and consistently applied to justify barring federal review of King's claim.[3]

---

[3]*Morales* specifically reserved the issue of whether *Clark* successfully cleared up the uncertainties regarding capital cases. *Id.*; *see also Bennett*, 322 F.3d at 583 (stating only that *Clark* had "attempted to set out a definite rule" and that it "set out to create a rule that would be consistently applied").

## II

**[9]** King asserts that even if California's timeliness rule is an independent and adequate ground, his claim is still reviewable because he meets the "cause and prejudice" exception for procedural defaults. Having decided to remand this case to reconsider whether King has procedurally defaulted his claim, we need not reach this issue.

## CONCLUSION

**[10]** We vacate the district court's judgment with regard to the adequacy of the California timeliness rule and remand for further proceedings consistent with this opinion.

## VACATED IN PART and REMANDED.