**Stephen L. DOSSMAN, Petitioner–Appellant,**

v.

**Anthony NEWLAND, Respondent–Appellee.**

No. 04–15593.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2006.*

Filed Jan. 8, 2007.

Stephen L. Dossman, Vacaville, CA, pro se.

Stan M. Helfman, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

MEMORANDUM **

Stephen Dossman ("Dossman"), a California state prisoner, appeals the District Court's dismissal of his petition for a writ of habeas corpus. The District Court found the petition to be procedurally barred because of the untimeliness rule

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

established by the California Supreme Court in *In re Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998). We vacate and remand pursuant to *King v. LaMarque,* 464 F.3d 963, 968 (9th Cir. 2006).

A state prisoner generally may not raise a claim in federal habeas if he or she has defaulted on the claim "by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court." *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994) (citing *Coleman v. Thompson,* 501 U.S. 722, 729–30, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Although Dossman was found to have violated California's untimeliness rule, which bars review where there has been "substantial delay" without "good cause," *Robbins,* 77 Cal.Rptr.2d 153, 959 P.2d at 317, he argues that the rule is not adequate to support the judgment. Dossman contends that the untimeliness rule was not "clear, consistently applied, and well-established at the time of [his] purported default." *Calderon v. United States (Bean),* 96 F.3d 1126, 1129 (9th Cir.1996) (quotations omitted).

In *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.2003), the Ninth Circuit established a burden-shifting scheme for challenges to the adequacy of state procedural rules. Once the State has pled the adequacy of the rule, the burden shifts to the petitioner to "place that defense in issue." *Id.* at 586. If the petitioner does so, the ultimate burden to prove adequacy shifts back to the State. *Id.*

Dossman's contention is sufficient to meet his interim burden under *Bennett.* In *King,* we held that simply contesting the state rule's adequacy is sufficient to meet this burden in the event the Ninth Circuit has "previously found the rule to be too ambiguous to bar federal review during the applicable time period[.]" 464

F.3d at 967. The Ninth Circuit has found California's untimeliness rule too ambiguous to bar federal review, *Morales v. Calderon,* 85 F.3d 1387, 1391 (9th Cir.1996), and Dossman has contested the adequacy of this rule. He has therefore sufficiently put the adequacy of the timeliness rule in issue. *Bennett,* 322 F.3d at 586.

As in *King,* "[o]n remand, the government must demonstrate that California's 'substantial delay' rule has become sufficiently clear and consistently applied to justify barring federal review" of Dossman's claim. *King,* 464 F.3d at 968.

We **VACATE** the District Court's judgment regarding the adequacy of California's timeliness rule and **REMAND** for further proceedings consistent with this disposition.