Christian Lewis **CASTILLO**,
Petitioner–Appellant,

v.

Richard **KIRKLAND**, Warden,
Respondent–Appellee.

No. 05–56893.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed March 28, 2007.

Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Petitioner–Appellant.

Christian Lewis Castillo, Delano, CA, pro se.

Lise S. Jacobson, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: T. NELSON, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

Christian Lewis Castillo appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that his constitutional rights were violated because the prosecutor violated the Equal Protection Clause and *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by striking five jurors on the basis of race. We AFFIRM.

Initially, we agree with the district court that Castillo has not procedurally defaulted his *Batson* claim even though he did not raise the issue on direct appeal. *See King v. Lamarque,* 464 F.3d 963 (9th Cir.2006). We also agree with the district court's conclusion that it was not unreasonable for the trial court to credit the prosecutor's race-neutral reasons.

As the Supreme Court recently recognized, we "can only grant [the habeas] petition if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge." *Rice v. Collins,* 546 U.S. 333, 126 S.Ct. 969, 974, 163 L.Ed.2d 824 (2006). In concluding the *Batson* analysis, the trial court stated that "the prosecutor exercised his peremptories

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on grounds that were reasonably relevant to the case here without respect to racial background...." This determination was not unreasonable.

Castillo's comparative challenge analysis is unsupported by the record because the jurors whom he offers as comparators materially differed from the excluded jurors. Moreover, the empaneled jury included two Hispanics. *See Turner v. Marshall,* 121 F.3d 1248, 1254 (9th Cir.1997) (finding that other minorities on the empaneled jury were indicative of nondiscriminatory motive).

At most, Castillo's argument supports a conclusion that the trial court could have discredited the prosecutor's stated reasons if it so chose. However, the trial court in this case questioned the prosecutor's reasons and concluded that the exclusions were not based on race, a determination that we find was reasonable.

**AFFIRMED.**

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.