Gabriel FLORES, Petitioner—
Appellant,

v.

Ernie ROE, Warden, Respondent—
Appellee.

No. 05–16393.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed April 16, 2007.

Barry L. Morris, Esq., Hayward, CA, Gabriel Flores, Crescent City, CA, for Petitioner–Appellant.

Daniel Bernstein, Esq., Justain P. Riley, Mary J. Graves, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, CLIFTON, Circuit Judge, and

SCHIAVELLI *, District Judge.

## MEMORANDUM **

Gabriel Flores appeals from the district court's denial of his petition for habeas corpus. We affirm.

We review the denial of a 28 U.S.C. § 2254 habeas petition *de novo*. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner can obtain habeas relief only if (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)–(2).

■ Flores contends that the trial court erroneously admitted a hearsay statement in violation of the Confrontation Clause of the Sixth Amendment. The Supreme Court recently made clear that the Confrontation Clause applies only to limit the admission of testimonial statements. *See Davis v. Washington*, — U.S. ——, 126 S.Ct. 2266, 2274–75, 165 L.Ed.2d 224 (2006); *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The statements at issue in this case were not testimonial, so the use of them at trial did not violate the Confrontation Clause. On that ground, it cannot be concluded that Flores is being held in custody in violation of the Constitution, a requirement for issuance of a writ of habeas corpus. 28 U.S.C. § 2241(c)(3).

■ Even under prior Supreme Court caselaw, the state court conclusion that Flores's confrontation rights were not violated (announced before these recent Su-

preme Court decisions) was not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. The admission of a co-conspirator's hearsay statement was recognized under prior Confrontation Clause caselaw as a firmly rooted exception to the hearsay rule. *See Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Although the trial court did not explicitly state a preliminary finding that a conspiracy existed, the court's comments, along with its admission of the statement, implied such a finding. That implicit finding is sufficient. *See United States v. Lutz*, 621 F.2d 940, 947 (9th Cir.1980).

■ Moreover, we agree with the district court that *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953), barred Petitioner's Confrontation Clause argument because Petitioner failed to raise this argument in his direct appeal. We also agree with the district court that the State adequately raised the procedural bar defense to the petition. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir.1979). The burden thus shifted to Flores to place the defense at issue under *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir.2003) (*en banc*). Flores failed to carry that burden. His *pro se* status is inapposite because he was not required to use a particular strategy to rebut the defense and he was not prevented from developing alternative means to challenge the bar. *See King v. Lamarque*, 464 F.3d 963, 967 n. 2 (9th Cir.2006). Accordingly, his confrontation claim was procedurally barred.

■ Flores also argues that his rights under the Due Process Clause were violat-

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ed because there was insufficient evidence to uphold his conspiracy conviction. We disagree. Sufficient evidence was presented to allow a reasonable trier of fact to find that Flores conspired to commit murder, including that Flores arrived almost immediately after Ramirez notified Mosqueda that "he" was coming over to "take care of business," that upon arrival he physically attacked the victim, that he did not react to the shooting, and that he departed with the shooter. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It may be true that the California Court of Appeal arrived at two entirely different inferences from the same fact, but that discrepancy alone does not establish either inference as necessarily unreasonable. The Ramirez jury and the Flores jury were presented with different sets of evidence; likewise, the California appellate court reviewed two distinct evidentiary records. Moreover, the fact that an inconsistent inference might have been drawn by the appellate court does not establish that inferences drawn by the jury in this case were unjustified. It is the jury's verdict that is ultimately under review. That verdict was supported by sufficient evidence.

**AFFIRMED.**