Johnnie **RICHMOND**, Petitioner–Appellant,

v.

**G.J. GIURBINO**, Warden, Respondent–Appellee.

No. 06–55135.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2008.*

Filed May 16, 2008.

Johnnie Richmond, Soledad, CA, pro se.

Jerry Sies, Esq., Los Angeles, CA, for Petitioner–Appellant.

Yun K. Lee, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and BEISTLINE,** District Judge.

MEMORANDUM ***

Johnnie Richmond petitions for review of the district court's denial of his Petition for Writ of Habeas Corpus. Richmond pleaded no-contest to a charge of inflicting corporal injury on a spouse in the Los Angeles County Superior Court. The trial

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court found the allegation that Richmond had suffered two prior serious or violent felony convictions within the meaning of California's Three Strikes Law to be true. Richmond was sentenced to twenty-five years to life in state prison. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

In his Petition, Richmond claimed that the district court erred under *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir. 1996), in finding his first and third claims procedurally barred where the state court order was ambiguous. The district court determined that the California Supreme Court had denied Richmond's claim on an independent and adequate state ground, and that this raised a procedural bar to Richmond's pursuit of his claim in federal court. Richmond constructively filed a fourth state habeas petition, which the California Supreme Court denied for untimeliness with citations to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), and *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998). The district court did not err in holding that this is an independent and adequate state ground, absent a showing that California applies its timeliness bar inconsistently. *See Bennett v. Mueller,* 322 F.3d 573, 579–86 (9th Cir.2003).

The district court did not err in holding that Richmond failed to show that California applies its timeliness bar inconsistently. Richmond did not assert "specific factual allegations that demonstrate the inadequacy of the state procedure." *Id.* at 586. A petitioner may shift the burden of proving the adequacy of a procedural time bar back to the state by simply "challenging the adequacy of the procedure," *King v. Lamarque,* 464 F.3d 963, 967 (9th Cir.2006), but Richmond failed to meet even this minimal standard. The district court noted Richmond's argument that the state could not plead the existence of a procedural bar as an affirmative defense because the California Supreme Court had failed to reach the merits of his claim. Even construing Richmond's pleadings liberally because he was *pro se* when he filed them, the district court correctly concluded that this circular argument failed to place the adequacy of California's procedural ruling at issue. Nor did Richmond raise to the district court any other challenge to the adequacy of the state's procedure. Therefore, Richmond failed to shift the burden of proving the adequacy of the procedural bar to the state, and the district court correctly concluded that Richmond's claim was procedurally barred on an adequate and independent state ground.

**AFFIRMED.**