**Nathan McKINNEY, Petitioner— Appellant,**

v.

**A.P. KANE, Warden, Respondent— Appellee.**

**No. 05–56830.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nathan McKinney, Soledad, CA, pro se.

Michael R. Johnsen, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and BEISTLINE **, District Judge.

### MEMORANDUM ***

Nathan McKinney petitions for review of the district court's denial of his First Amended Petition for Writ of Habeas Corpus. McKinney was convicted in the California Superior Court of two counts of corporal injury to a spouse, CAL. PEN. CODE § 273.5(a), dissuading a witness, *id.* § 136.1(b)(1), terrorist threats, *id.* § 422, and attempted premeditated murder. *Id.* §§ 664, 187(a). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm in part, reverse in part, and remand for proceedings consistent with this disposition.

■ In his First Amended Petition, McKinney claimed that, by instructing the jury with CALJIC 2.50.025, which was given at his trial, the trial court lowered the burden of proof for conviction to preponderance of the evidence, rather than proof beyond a reasonable doubt, in violation of his Sixth and Fourteenth Amendment rights. The district court determined that the California Supreme Court had denied McKinney's claim on an independent and adequate state ground, and that this raised a procedural bar to McKinney's pursuit of his claim in federal court. McKinney and the State of California (the "State") agree that McKinney exhausted this claim.[1] McKinney did not raise this claim on direct review; rather, he raised it for the first time in his fourth state habeas petition, which the California Supreme Court denied for untimeliness with citations to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993) and *In re Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953). The district court did not err in holding that this is an independent and adequate state ground, absent a showing that California applies its timeliness bar inconsistently. *See Bennett v. Mueller,* 322 F.3d 573, 579–86 (9th Cir.2003).

■ Relying on *Bennett,* the district court concluded that McKinney had not met his burden of proving that California

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We therefore need not reach the second certified question, which relies on the contention that McKinney did not exhaust this claim.

applies the timeliness bar inconsistently because he had "not produced any evidence or argument" in support of that contention. However, McKinney contended that California does not apply its timeliness bar consistently, which is sufficient to shift the burden back to the State. *See King v. Lamarque,* 464 F.3d 963, 967 (9th Cir.2006) ("[S]imply contesting the adequacy of a state rule [is] sufficient to meet the petitioner's burden under *Bennett* [when the Ninth Circuit has] previously found the rule to be too ambiguous to bar federal review during the applicable time period[.]"); *see also Morales v. Calderon,* 85 F.3d 1387 (9th Cir.1996) (holding that California does not apply its timeliness rule consistently).[2] We agree with the State that we must remand to the district court to determine whether the State is able to carry its burden of proving the adequacy of California's timeliness bar.

If, on remand, the State proves the adequacy of its procedure, McKinney shall then have the opportunity to demonstrate cause and prejudice, or a miscarriage of justice. *See Harris v. Reed,* 489 U.S. 255, 258, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

**2.** We note that the district court did not have the benefit of our decision in *King,* which was decided after the district court issued its judgment.

