Alfred Lee **GRAYSON**, Petitioner–Appellant,

v.

Tom L. **CAREY**, Respondent–Appellee.

No. 06–17048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 13, 2008.

---

Timothy E. Warriner, Attorney at Law, Sacramento, CA, Alfred Lee Grayson, Folsom, CA, for Petitioner–Appellant.

Janis Shank Mclean, Esq., Attorney General, David A. Rhodes, Esq., Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM [*]

On September 3, 1999, Alfred Lee Grayson ("Grayson") was convicted of first degree murder for fatally and repeatedly stabbing his wife, Carolyn Nunnery ("Nunnery"), and assault with a deadly weapon for stabbing his stepson, who had tried to intervene in the attack. Grayson was acquitted of a false imprisonment charge for an incident involving Nunnery several days before the murder. The California Court of Appeal affirmed his conviction in a reasoned decision; the California Supreme Court denied his petition for review. Grayson, proceeding pro se, filed a petition for writ of habeas corpus in the Eastern District of California, raising six grounds in support of relief. The district court, adopting the magistrate judge's Report and Recommendation (R & R) in full, denied Grayson's petition. Grayson timely appealed, and the district court granted a certificate of appealability ("COA") only with respect to Grayson's Confrontation Clause claim, which is based on the admission of statements Nunnery made to police several days before her murder.

In rejecting Grayson's Confrontation Clause claim, the district court applied our then-existing circuit law, *Bockting v. Bayer,* 399 F.3d 1010 (9th Cir.2005), which held that *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) applied retroactively on collateral review. *See id.* at 1012–13. The Supreme Court has since overruled that case, holding that *Crawford* does not apply retroactively in federal habeas proceedings. *See Whorton v. Bockting,* 549 U.S. 406, 127 S.Ct. 1173, 1183, 167 L.Ed.2d 1 (2007). Therefore, Grayson argues that his Confrontation Clause claim must be assessed under *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The State agrees that Grayson's claim should be evaluated under *Roberts.*

The State maintains, however, that Grayson's claim is procedurally barred and that the district court erred in concluding otherwise. We agree with the State that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the district court misapplied the burden shifting framework outlined in *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.2003). *Bennett* holds that after the state adequately pleads a procedural bar defense, the petitioner must assert that the procedural bar is inadequate. *Id.* at 586. The State then bears the ultimate burden of demonstrating that the state procedural rule is adequate. *Id.* Here, the district court erred in requiring the State to shoulder its ultimate burden before Grayson had "place[d][the] defense in issue." *King v. Lamarque,* 464 F.3d 963, 967 (9th Cir. 2006).

Although there is some question whether the State clearly raised a procedural bar defense, the district court treated the issue as having been raised in the State's responsive pleadings. Because the district court addressed the State's defense, we need not decide whether the State properly asserted a procedural bar defense when it raised the issue in its memorandum of points and authorities instead of its Answer. *See* Rules Governing Section 2254 Cases, Rule 5(b). However, because the district court misapplied *Bennett,* we vacate the judgment and remand to allow Grayson to meet his initial burden and the State to meet its ultimate burden. If the district court concludes that there is no procedural bar, it may apply *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), to Grayson's Confrontation Clause claim in the first instance. In addition, we direct the district court to appoint counsel to assist Grayson in pursuing his case.

**REVERSED and REMANDED.**