**Martinho De Joao ROCHA,**
**Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; et al.,**
**Respondents–Appellees.**

No. 07–16686.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed May 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carla Gene Ryan, Esquire, Law Offices of Carla G. Ryan, Tucson, AZ, for Petitioner–Appellant.

Martinho De Joao Rocha, Buckeye, AZ, pro se.

Diane M. Acosta, Esquire, Aaron Jay Moskowitz, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondent–Appellee.

Before: GRABER, GOULD and BEA, Circuit Judges.

## ORDER

The memorandum disposition filed on April 17, 2009, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

## MEMORANDUM **

Arizona prisoner Martinho De Joao Rocha appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Rocha challenges his pretrial identification as unduly suggestive. The trial court was not objectively unreasonable in finding the photograph array used in the pretrial identification procedure was not unduly suggestive when it included one photograph of Rocha with five photographs of similar men. *See Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Rocha next challenges the prosecutor's examination of witnesses' regarding Rocha's speech impediment on the grounds that the prosecution failed to provide notice to Rocha that it would introduce testimonial evidence of his speech impediment. Rocha is mistaken; he had notice of the witnesses testimony from a similar pretrial hearing. Regardless, Rocha did not have a right to be notified of the content of the prosecution's witnesses' testimony during trial. *Weatherford v. Bursey,* 429 U.S. 545, 560, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

The Arizona Court of Appeals denied Rocha's petition for review of the denial of his petition for post-conviction relief based on thirteen independent claims for ineffective assistance of counsel on the grounds that he failed to explain how the post-conviction court abused its discretion in denying his petition as required under Arizona Rule of Criminal Procedure 32.9(c)(1)(iv). Rocha has failed to assert "specific factual allegations that demonstrate the inadequacy of the state procedure." *King v. Lamarque,* 464 F.3d 963, 967 (9th Cir.2006). Moreover, Rocha has failed to show prejudice based on his claims for ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.