**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NATHAN MCKINNEY, | No. 13-55032 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-04493-MMM-PJW |
| v. | |
| KEVIN CHAPPELL, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted July 6, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Nathan McKinney was convicted in California state court of domestic abuse-related charges, including attempted murder. At trial, the State introduced evidence of prior domestic abuse incidents, and the court instructed the jury to credit that evidence for the purpose of finding that McKinney had a disposition to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

commit similar offenses if it was proven "by a preponderance of the evidence." In his first amended federal habeas petition, McKinney claims that the "instruction that allowed the jury to draw an inference of criminal propensity from other crimes evidence in a murder trial" violated his rights because it "lower[ed] the burden of proof from guilty beyond a reasonable doubt to . . . preponderance of the evidence." The district court concluded that McKinney's jury instruction claim was procedurally defaulted. We reverse and remand.

McKinney raised his jury instruction claim in his first state habeas petition, which he filed pro se. In that petition, McKinney argued that "[i]t is . . . likely that the jurors used the present incident to find by a preponderance of the evidence that the prior domestic violent incidents took place." McKinney wrote that such a "result would be contrary to the instructions given to the jury." But McKinney went on to contend (as lawyers would say, "in the alternative") that the jury instruction itself invited the result. He wrote, "The jury was instructed . . . they could infer if appellant 'had a disposition to commit the same or similar type offenses,' that he was likely to commit and did commit the crime or crimes of which he [was] accused." The first petition was essentially as specific as the fourth state petition with regard to the instructional issues — perhaps more so, as the first petition expressly mentioned the burden of proof issue, while the fourth did not,

although it cited cases pertinent to that point. The California Supreme Court dismissed the first petition with a citation to *In re Dixon*, 264 P.2d 513 (Cal. 1953), and to another state procedural bar not at issue.

Federal courts cannot grant habeas relief if "(1) 'a state court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (alteration omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)). "[A]n inadequate state law ground will not bar federal review of a claim's merits." *Lee v. Jacquez*, No. 12-56258, 2015 WL 3559125, at *2 (9th Cir. June 9, 2015).

In *Lee*, we recently concluded that the State failed to demonstrate *Dixon*'s adequacy as a procedural bar. *Id.* at *8. We noted that California "has never shown *Dixon*'s adequate application." *Id.* at *7. Despite evidence of frequent applications of *Dixon*, the evidence the State presented in *Lee* failed to "indicate[] the consistency of the rule's application." *Id.* The State thus failed to prove in *Lee* the adequacy of the procedural bar invoked in *Dixon*. The *Dixon* bar was applied in *Lee* during the same period it was applied in this case.

McKinney did not provide specific evidence of *Dixon*'s inadequacy, but after *Lee* it is not McKinney's burden to do so. *See King v. LaMarque*, 464 F.3d

963, 967 (9th Cir. 2006) (holding that "simply contesting the adequacy of a state rule" is enough to meet the petitioner's burden of showing a rule is inadequate if this Court "previously found the rule to be too ambiguous to bar federal review during the applicable time period"). The burden is on the State to prove *Dixon*'s adequacy. We need not revisit the issue here. Based on *Lee*, we conclude that *Dixon* was not an adequate state procedural bar in this case. We remand to allow the district court to consider the merits of McKinney's jury instruction claim.

**REVERSED and REMANDED.**