FILED

AUG 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO MARTINEZ, | No. 08-17320 |
| Petitioner - Appellant, | D.C. No. 2:02 -cv-00159-JAM-GGH |
| v. | |
| JOE MCGRATH; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted August 12, 2009
San Francisco, California

Before: KOZINSKI, Chief Judge, HUG and REINHARDT, Circuit Judges.

California state prisoner Luis Alberto Martinez ("defendant") appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury

conviction for first degree murder, attempted murder, and participation in a street

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

gang. Defendant's first trial resulted in a hung jury and a mistrial. In this second trial, defendant was convicted and sentenced to two consecutive terms of twenty-five years to life for murder and life with the possibility of parole for the attempted murder. He also received a three-year term for participation in a street gang. Defendant argues the district court improperly denied his claims for ineffective assistance of counsel, juror misconduct, and prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 2253.

The district court erred in finding that the ineffective assistance of counsel claim based on the failure to investigate juror misconduct was untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. The claim relates back to a "common core of operative facts" described in defendant's timely 2002 petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005). Claims in both petitions rely on Glenda Griffin's post-conviction disclosure of the alleged juror misconduct.

Appellee adequately preserved its argument that the juror misconduct claim based on speculation about defendant's sentence, and the related ineffective assistance claim, are procedurally barred from federal habeas review. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906 n.1 (9th Cir. 1986). The district court must address the issue on remand. In so doing, it shall consider

2

whether appellee, having failed to meet its burden of proving that its timeliness rule has been consistently applied in noncapital cases by not submitting proof of the rule's consistent application after defendant challenged its adequacy in his traverse, may introduce such evidence on remand. *See King v. LaMarque*, 464 F.3d 963, 967-68 (9th Cir. 2006); *Bennett v. Mueller*, 322 F.3d 573, 583-86 (9th Cir. 2003). If the claims are not barred, at least some of the evidence about what some members of the jury heard about sentencing from other members of the jury is extrinsic and therefore admissible. *See Sassounian v. Roe*, 230 F.3d 1097, 1108–09 (9th Cir. 2000); *Jeffries v. Blodgett*, 5 F.3d 1180, 1190 n.2 (9th Cir. 1993). Of course, the district court may not pry into how jurors reacted to or discussed the information, after it was provided. Fed. R. Evid. 606(b); *Sassounian*, 230 F.3d at 1108–09. In any event, if the claims are not procedurally barred, they must be considered anew on remand in light of our ruling regarding admissibility.

The district court properly denied the claim based on the jury's discussion of defendant's incarceration. It was based on things jurors said about what they observed in the courtroom—not on their consideration of any evidence extrinsic to the trial. *See Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir. 2006). The denial by the California Court of Appeal was not contrary to, or involve an unreasonable application of, clearly established Supreme Court law. The remaining juror

3

misconduct claims are similar, but the district court must determine whether they are procedurally defaulted before ruling on their merits.

The allegation of prosecutorial misconduct was also properly denied, along with the related ineffective assistance claim. The state court's denial was not contrary to, or involve an unreasonable application of, clearly established Supreme Court law. The prosecutor argued that defendant and other gang members thought that they could escape consequences for their actions because no one cared about gang members killing each other. The statements did not so infect "the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

Each party is to bear their own costs.

**REVERSED** in part, **AFFIRMED** in part, and **REMANDED.**