MEMORANDUM **
Petitioner-Appellant Luis Alberto Martinez, a California state prisoner, appeals *615 the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury convictions of murder, attempted murder, and street terrorism. We affirm the district court’s denial of relief.
He claims juror misconduct and ineffective assistance of counsel in failing to investigate such misconduct. The district court ruled that his claims were procedurally defaulted. Under the intervening decision in Martinez v. Ryan, — U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the procedural default of Petitioner’s ineffective assistance claim may be excused if he can establish that his post-conviction counsel rendered constitutionally ineffective assistance, and that his underlying claim of ineffective assistance at trial is substantial. Martinez, 132 S.Ct. at 1320. We assume without deciding that Martinez v. Ryan applies to state post-conviction proceedings in California. See Trevino v. Thaler, — U.S.-, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013).
Evidence of what jurors said to each other is not admissible. Fed.R.Evid. 606(b). Our previous disposition in this case, Martinez v. McGrath, 391 Fed.Appx. 596 (9th Cir.2010), recognized that, but remanded because there may have been some extrinsic evidence to support Petitioner’s claims of juror misconduct and ineffective assistance for failing to investigate the alleged misconduct. A review of the full record now reveals that there was no extrinsic evidence, and Petitioner’s claim of juror misconduct concerns only what was discussed during deliberations. Petitioner’s underlying claim of ineffective assistance of trial counsel, therefore, has no substance.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.